Rigoberto **RAMIREZ-JUAREZ,**
Petitioner,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

No. 15-72641

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

Filed November 20, 2017

Carlos Alfredo Cruz, Esquire, Attorney, Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Craig Alan Newell, Jr., Esquire, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: CANBY, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM **

Rigoberto Ramirez-Juarez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying a motion to continue. Our jurisdiction is governed by 8

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1252. We review for abuse of discretion the agency's denial of a motion to continue, and review de novo constitutional claims. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Ramirez-Juarez's motion for a fourth continuance, where the IJ advised him that no further continuances would be granted, and he failed to establish good cause. *See* 8 C.F.R. § 1003.29 (an IJ "may grant a motion for continuance for good cause shown"); *Sandoval-Luna*, 526 F.3d at 1247; *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim).

We lack jurisdiction to consider Ramirez-Juarez's unexhausted contention that the agency failed to properly analyze his motion for a fourth continuance. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to consider a legal claim not presented in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**